# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOELLYN M. WALSH, | : | No. 3:18cv673 |
|       Plaintiff | : | |
| | : | (Judge Munley) |
|    v. | : | |
| | : | (Magistrate Judge Saporito) |
| ANDREW M. SAUL,[1] | : | |
| Commissioner of | : | |
| Social Security, | : | |
|       Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Joseph F. Saporito, Jr.'s report and recommendation (hereinafter "R&R") regarding Plaintiff Joellyn M. Walsh's social security appeal. The R&R suggests vacating the Commissioner of Social Security's decision and remanding the case for a rehearing before a different Administrative Law Judge (hereinafter "ALJ"). The defendant has filed objections to the R&R and the matter is ripe for disposition.

**Background**

---

[1] At the time the case was filed, the Acting Commissioner of Social Security was Nancy A. Berryhill, and thus, plaintiff named her as the defendant. Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. See OFFICIAL SOCIAL SECURITY WEBSITE https://www.ssa.gov/agency/commissioner.html (last accessed July 10, 2019). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, as the new Commissioner of Social Security, Andrew M. Saul is automatically substituted for the original defendant. FED. R. CIV. P. 25(d).

Plaintiff filed a claim for disability insurance benefits under Title II of the Social Security Act on August 10, 2011. (Doc. 8, Administrative Record (hereinafter "R.") at 126-27, 143). Plaintiff claims an inability to work due to seronegative rheumatoid arthritis, degenerative disc disease, osteoarthritis of the bilateral knees, anxiety and attention deficit disorder. (R. at 417). The Commissioner denied her review initially, and also denied it after a hearing before an Administrative Law Judge (hereinafter "ALJ"). Plaintiff then appealed the denial of benefits to this court. (Doc. 1, Compl.).

The case was assigned to Magistrate Judge Saporito for the issuance of an R&R. Judge Saporito indicates that the presiding ALJ had not been properly appointed by the defendant and that the commissioner's final decision should be reversed and remanded to the agency for a hearing before a properly appointed ALJ. The defendant filed objections to the R&R bringing the case to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this

2

title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has her principal place of business....").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The dispositive issue plaintiff raises on appeal is whether the ALJ who heard her case was properly appointed under the Appointments Clause of the

United States Constitution, U.S. CONST. ART. II, § 2, cl. 2. Plaintiff claims that the ALJ was not constitutionally appointed, and therefore, the case should be remanded for a new hearing before a properly appointed ALJ.

The United States Supreme Court in Lucia v. S.E.C. addressed the status of ALJs as they are used by the Security and Exchange Commission. - - U.S. - -, 138 S.Ct. 2044 (2018). The Court examined whether ALJs who preside over enforcement proceedings are "Officers of the United States" within the meaning of the Constitution's Appointments Clause. If they are Officers of the United States under the Appointments Clause, rather than simply employees, the ALJs must be appointed by the President, a court of law or a department head. Id. at 2051. The Court concluded that the ALJs are in fact "officers" who must be appointed pursuant to the Constitution. Id. at 2055. Some ALJs were not properly appointed. If a party had a hearing before an improperly appointed ALJ, he is entitled to a new hearing before a properly appointed ALJ if he makes a timely challenge. Id.

Although, Lucia dealt with ALJs in the Securities and Exchange Commission, its holding has been applied by courts to ALJs who preside over social security benefit hearings. On July 16, 2018, the then Acting Commissioner of Social Security, Nancy Berryhill, ratified the appointment of the

ALJs and approved their appointments as her own remedy to any Appointments Clause issues.

The plaintiff's hearing and the ALJ's decision occurred in May 2017 and November 2017 respectively. Evidently, the ALJ had not been properly appointed. The Acting Commissioner ratified the appointment of the ALJs on July 16, 2018, well after the plaintiff's hearing and decision. Thus, the R&R agrees with the plaintiff and suggests that the instant case should be vacated and remanded for a rehearing before a constitutionally appointed ALJ.

The defendant objects to the R&R. His position is that the plaintiff raised this issue for the first time on appeal. She needed to raise the issue before the ALJ or else it is waived according to the defendant. Because plaintiff did not raise the issue before the ALJ, it is waived and her appeal should be denied on this point. After a careful review, we disagree.

This precise issue was dealt with by the Chief Judge of the Middle District of Pennsylvania in Bizarre v. Berryhill, 364 F. Supp. 3d 418 (M.D. Pa. 2019). Bizarre holds that an Appointments Clause challenge may be timely raised for the first time in the federal court or in the alternative, that if raising the issue at that point is untimely, such untimeliness should be excused. Id. at 423. Specifically, Bizarre explains that there exists no clear statutory, regulatory, or

judicial authority requiring exhaustion before the Social Security Administration of an Appointment Clause challenge. Id. at 422-23.

The R&R suggests that we should follow the law set forth in Bizarre. The defendant's objections generally attack the reasoning of Bizarre. We, however, find the reasoning of Bizarre persuasive. We will thus adopt the R&R and deny the defendant's objections based upon the reasoning cogently set forth in the Bizarre opinion.

**Conclusion**

For the reasons set forth above, we will deny defendant's objections to the R&R. We find that plaintiff's objection to the appointment of the ALJ is timely, or in the alternatively her untimeliness is excused. Based upon Lucia, the ALJ was not constitutionally appointed. Accordingly, we will order a remand to a different ALJ. An appropriate order follows.

BY THE COURT:

Date: <u>August 14, 2109</u>

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**